**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4740**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRENT LESEAN CREECH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge. (CR-04-336)

Submitted:  July 28, 2006          Decided:  August 10, 2006

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Trent Lesean Creech pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). He was sentenced to 120 months of imprisonment. On appeal, Creech argues that the district court's sentence was unreasonable. We affirm.

Creech's sentence of 120 months of imprisonment was based on an upward departure from the guidelines range of 92 to 115 months of imprisonment pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a) (2004), based on Creech's significant criminal history. We review underlying legal determinations de novo and factual determinations for clear error. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). When reviewing a sentence outside the advisory guideline range-- whether as a product of a departure or a variance--this court considers both whether the district court acted reasonably with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range. United States v. Davenport, 445 F.3d 366, 370-71 (4th Cir. 2006) (citation omitted).

Creech does not challenge the district court's calculation of the guidelines range and the district court provided cogent reasons for departing from that range, including the fact that Creech had made a "life of crime" and that he had been

convicted as an adult of several violent crimes and drug offenses. On this record, we cannot say that the district court erred in applying an upward departure. See Moreland, 437 F.3d at 432-33; see generally United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In this case, the departure resulted in a sentence only five months greater than that permitted under the advisory guidelines range. Cf. Davenport, 445 F.3d at 372 (holding that sentence more than three times the top of the advisory guideline range was unreasonable). We further conclude that the extent of the departure was reasonable.

Accordingly, we affirm Creech's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED